1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

7

LESLIE BUNTING,

NO. 23-cv-00092

8

Plaintiff,

9

v.

10

MCCATHREN MANAGEMENT & REAL
ESTATE SERVICES, INC., a Washington
Corporation, COLUMBIA DEBT
RECOVERY, LLC, a Washington Limited
Liability Company d/b/a/ GENESIS
CREDIT MANAGEMENT, EQUIFAX
INFORMATION SERVICES, LLC, a
Georgia Limited Liability Company,
EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio Corporation,
TRANS UNION LLC, a Delaware Limited
Liability Company,

11
12
13
14
15
16
17

Defendants.

**COMPLAINT FOR VIOLATIONS**
**OF THE SERVICEMEMBER**
**CIVIL RELIEF ACT, THE FAIR**
**CREDIT REPORTING ACT, THE**
**FAIR DEBT COLLECTION**
**PRACTICES ACT, AND THE**
**WASHINGTON CONSUMER**
**PROTECTION ACT**

18

COMES NOW, Plaintiff, LESLIE BUNTING, by and through her counsel, ROBERT

19

MITCHELL, and complains against the Defendants as follows:

20

**I.    STATEMENT OF THE CASE**

21

Members of the military are frequent victims of predatory business practices. Located

22

outside every military base are businesses offering high interest cash advances, payday lending,

23
24

used car loans for junk autos, and apartments that attempt to create additional revenue by fleecing

25

servicemembers with deceptive fees.

COMPLAINT                                    1

26

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

These predators drove our elected officials to craft legislation to protect servicemembers from unfair and deceptive business practices. In 1917, a House Military Affairs Subcommittee Report stated: "**The Shylock, to who his pound of flesh is dearer than patriotism, is not the only man against who the soldier must be given relief**." In 1943, the U.S. Supreme Court stated the purpose of the Servicemember Civil Relief Act[1] is to "**Protect those who have been obligated to drop their own affairs to take up the burdens of the nation**." *Boone v. Lightner*, 319 U.S. 561, 575 (1943). In 1948, the U.S. Supreme Court stated: "**The Act should be with an eye friendly to those who dropped their affairs to answer their country's call**." *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948).

The reality is that in today's military, nearly every servicemember is required to maintain a security clearance. The Office of Personnel Management reviews applicants' credit reports when deciding whether to issue or renew a security clearance. If the servicemember's credit reports contain fraudulent or erroneous accounts, the servicemember's security clearance may be denied or delayed.

Without the required security clearance, servicemembers are not allowed to work in their Military Occupational Specialty ("M.O.S."). If a servicemember is unable to work in their designated M.O.S., that servicemember's career is forever jeopardized. Therefore, credit reporting fraudulent debts places the careers of honorable servicemembers at risk, and ultimately jeopardizes our national security by depriving the Armed Forces of qualified servicemembers.

---

[1] The Soldiers and Sailors Relief Act.

COMPLAINT                                   2

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

In this case, McCathren is an experienced Real Estate Management Company that manages rental properties in a town with a military base. McCathren regularly leases properties to servicemembers and their dependents. McCathren is aware of the protections of the Servicemember Civil Relief Act. Nevertheless, McCathren perpetrated blatant fraud against Plaintiff, an honorable servicemember, in attempt to force her to pay money that she never owed.

When the fraud scheme failed, McCathren enlisted the assistance of the debt collection Defendant, Columbia Debt Recovery, LLC d/b/a/ Genesis Credit Management ("Genesis"). Genesis doubled down on the fraud scheme by reporting fraudulent accounts to all three major Credit Reporting Agencies ("CRA"), Equifax, Trans Union, and Experian. The CRA Defendants made matters worse by credit reporting the obviously fraudulent information on Plaintiff's consumer credit reports, and then refusing to remove the fraudulent accounts when Plaintiff disputed the accounts and explained the fraud to the CRAs.

Plaintiff retained the assistance of a ranking military officer to dispute the fraud. Defendants refused to relent and continued credit reporting and attempting to collect the fraudulent account, thereby placing Plaintiff's military career in jeopardy. Plaintiff filed another dispute directly to the CRAs. The CRA Defendants failed to conduct a reasonable reinvestigation and failed to correct the fraudulent account information.

Finally, *after* Plaintiff retained an attorney, Defendants changed course, discharged the fraudulent debt, and mailed Plaintiff a $200.00 refund check, thereby admitting that Plaintiff never owed the debt that Defendants parked on Plaintiff's credit reports.

This case warrants an injunction to protect servicemembers.

COMPLAINT                                3                    Robert Mitchell, Attorney at Law
                                                             1020 N. Washington
                                                             Spokane, WA  99201
                                                             (509) 327-2224     Fax (888) 840-6003

## II.     PARTIES

2.1     Plaintiff, LESLIE BUNTING was a resident of Airway Heights, Washington.

2.2     Plaintiff, LESLIE BUNTING is an honorable, active-duty member of the United States Military, and Plaintiff has been an honorable, active-duty member of the United States Military at all times relevant to this complaint.

2.3     While stationed at Fairchild Air Force Base, Plaintiff entered a lease agreement with Defendant, MCCATHREN MANAGEMENT & REAL ESTATE SERVICES, INC., which she used primarily for personal, family, and household purposes.

2.4     Defendants alleged that Plaintiff owed money related to the lease agreement.

2.5     Plaintiff is therefore a "servicemember" "person" "debtor" and "consumer" as defined by the Servicemember Civil Relief Act (50 U.S.C. § 3901), the Fair Credit Reporting Act (15 U.S.C. § 1681), the Fair Debt Collection Practices Act (15 U.S.C. § 1692), and Washington's Consumer Protection Act (RCW 19.86), and Plaintiff acted as a "servicemember" "person" "debtor" and "consumer" at all times relevant to this litigation.

2.6     MCCATHREN MANAGEMENT & REAL ESTATE SERVICES, INC., is a real estate management company that rented an apartment to Plaintiff, in Airway Heights, WA.

2.7     COLUMBIA DEBT RECOVERY, LLC, d/b/a/ GENESIS CREDIT MANAGEMENT, is a Washington Limited Liability Company that conducts business in this state, pursuant to UBI No. 604 074 740.

COMPLAINT                          4                    Robert Mitchell, Attorney at Law
                                                        1020 N. Washington
                                                        Spokane, WA  99201
                                                        (509) 327-2224    Fax (888) 840-6003

2.8     COLUMBIA DEBT RECOVERY, LLC, d/b/a/ GENESIS CREDIT MANAGEMENT, is a debt collector and a collection agency that made attempts to collect a debt from Plaintiff by engaging in debt collection and credit reporting.

2.9     TRANS UNION LLC (hereinafter "TRANSUNION" or "Defendant") is a Delaware limited liability company doing business in Washington, pursuant to UBI No. 601 922 824.

2.10     TRANSUNION is a Credit Reporting Agency (hereinafter "CRA"), as defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681a(f).

2.11     TRANSUNION conducts business in Washington State, pursuant to UBI number 601 922 824.

2.12     TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(d), to third parties.

2.13     TRANSUNION disburses such consumer reports to third parties under contract and for monetary compensation.

2.14     TRANSUNION credit reported fraudulent information on Plaintiff's consumer credit reports.

2.15     TRANSUNION's reporting is inaccurate and erroneous.

2.16     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "EXPERIAN"), is a Credit Reporting Agency (hereinafter "CRA"), as defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681a(f).

COMPLAINT                                   5                    Robert Mitchell, Attorney at Law
                                                                 1020 N. Washington
                                                                 Spokane, WA  99201
                                                                 (509) 327-2224     Fax (888) 840-6003

2.17    EXPERIAN is an Ohio Corporation doing business in Washington State, pursuant to UBI No. 601 738 089.

2.18    EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(d), to third parties.

2.19    EXPERIAN disburses such consumer reports to third parties under contract and for monetary compensation.

2.20    EXPERIAN credit reported fraudulent information on Plaintiff's consumer credit reports.

2.21    EXPERIAN's credit reporting is erroneous.

2.22    Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX" or "Defendant") is a Credit Reporting Agency (hereinafter "CRA"), as defined by the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681a(f).

2.23    EQUIFAX is a Georgia limited liability company doing business in Washington State pursuant to UBI N0. 602 126 257.

2.24    EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(d), to third parties.

2.25    EQUIFAX disburses such consumer reports to third parties under contract and for monetary compensation.

COMPLAINT                                    6                    Robert Mitchell, Attorney at Law
                                                                  1020 N. Washington
                                                                  Spokane, WA  99201
                                                                  (509) 327-2224     Fax (888) 840-6003

2.26    EQUIFAX is credit reporting erroneous account information on Plaintiff's consumer credit reports.

2.27    EQUIFAX'S reporting is inaccurate and erroneous.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in the United States District Court for the Eastern District of Washington are appropriate where this dispute involves predominant issues of federal law, and where Defendants are located in this district, and where the underlying contract at issue and described herein occurred in this district, and where the injury to Plaintiff is related to actions that occurred in this district, and where all Defendants engage in substantial business contacts in this district, and where the amount in controversy exceeds $75,000.00.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2    Defendants are liable unto Plaintiff, pursuant to the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., the Fair Debt Credit Reporting Act, 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the Washington Collection Agency Act, RCW 19.16 et seq., the Washington Consumer Protection Act, RCW 19.86 et seq., as well as other applicable federal and state laws.  Plaintiff's state law claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. §1367 et seq.

## IV.    FACTS

4.1    At all times relevant to this litigation, Plaintiff, LESLIE BUNTING, was an active-duty servicemember, serving honorably in the United States Military.

COMPLAINT                                                  7

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

4.2     Plaintiff is required to maintain a security clearance.

4.3     Security clearances are jeopardized when debt collectors and Credit Reporting Agencies report erroneous collection accounts on servicemembers' credit reports.

4.4     Jeopardizing an active-duty servicemembers' security clearance jeopardizes the servicemember's career.

4.5     Jeopardizing an active duty servicemember's security clearance and career results in significant damages, including emotional distress.

4.6     On July 21, 2020, Plaintiff was an active-duty member of the United States Military, stationed at Fairchild Air Force Base, in Airway Heights, Washington.

4.7     On July 21, 2020, Plaintiff, along with other individuals, entered a 12-month lease agreement with Defendant, MCCATHREN MANAGEMENT & REAL ESTATE SERVICES, INC., (hereinafter "McCathren") which Plaintiff used primarily for personal, family, and household purposes.

4.8     On April 1, 2021, Plaintiff received Permanent Change of Station ("PCS") Orders to relocate to Kansas.

4.9     Plaintiff provided McCathren with a copy of her PCS Orders, along with written notice that she was vacating the property.

4.10     On or about May 1, 2021, Plaintiff vacated the apartment and moved to Kansas.

4.11     Thereafter, Defendant did not provide Plaintiff with a bill for any amounts allegedly owing on the original lease.

4.12     The other tenants remained in the apartment and made monthly lease payments.

COMPLAINT                                    8

4.13    On June 30, 2021, the lease terminated.

4.14    On July 1, 2021, the other tenants began a month-to-month tenancy.

4.15    Despite knowing that Plaintiff moved out months earlier, McCathren included Plaintiff's name on the new, month-to-month lease agreement.

4.16    Thereafter, Defendant did not provide Plaintiff with a bill for any amounts allegedly owing on the original lease.

4.17    On July 9, 2021, the other tenants notified McCathren of their intent to vacate the apartment.

4.18    On July 31, 2021, the other tenants vacated the apartment.

4.19    On August 6, 2021, McCathren created a document that states: "Is Tenant in the Military No ___ Yes __X__ "

4.20    The August 6, 2021, document lists a "**$2,168.16**" in "Damage/ Cleaning" fees.

4.21    When Plaintiff requested an accounting of the "**$2,168.16**" McCathren provided Plaintiff with a form, which simply states: "**Charges to Apt D307 Full Paint (8) hours $168.16 Full carpet replacement w/pet seal $2,000.00  Total Due: $2168.16**."

4.22    However, the Tenants listed in the letter are "**Sean & Victoria Hansen**."

4.23    "**Sean & Victoria Hansen**" were the *previous* tenants.

4.24    McCathren presented Plaintiff with a bill for the "Full carpet replacement" and "(8 hours)" of "Full Paint" that occurred *before* Plaintiff ever stepped foot on Defendant's property.

4.25    McCathren also mailed Plaintiff a fraudulent move-in condition inspection sheet.

COMPLAINT                                    9

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

4.26    Plaintiff retained a copy of her move-in inspection checklist.

4.27    The authentic checklist looks nothing like the checklist McCathren provided to Plaintiff in attempt to justify the damages and cleaning fee demand.

4.28    McCathren then provided Plaintiff with a receipt for "**$2,307.47**" from a carpet company.

4.29    This receipt does not match the "**$2,168.16**" document, which lists a carpet replacement charge of "**$2,000.00**."

4.30    McCathren then provided Plaintiff with another form stating: "**Charges to Apt D307 Full Paint (8) hours $168.16 Full carpet replacement w/pet seal $2,000.00  Total Due: $2168.16**."

4.31    This form is identical to the previous form in all respects, except that the second form lists the tenants as: "Cook, Cortez, Wingo, Harris".

4.32    The <u>August 6, 2021</u>, document lists a $200.00 credit for the security deposit.

4.33    After applying the $200.00 security deposit to the account, the <u>August 6, 2021</u>, document lists a total balance owed of "**$1,968.16**."

4.34    McCathren then added a $500.00 pet security deposit to the "**$1,968.16**" allegedly owed.

4.35    This reduced the balance allegedly owed to "**$1,468.16**."

4.36    As a result, the <u>August 18, 2021</u>, Move Out Statement lists "Tenant damages" of only "**$1,468.16**."

4.37    McCathren created another document entitled "Tenant Ledger."

COMPLAINT                                          10                    Robert Mitchell, Attorney at Law
                                                                        1020 N. Washington
                                                                        Spokane, WA  99201
                                                                        (509) 327-2224    Fax (888) 840-6003

1

4.38    The Tenant Ledger reversed the $500.00 pet security deposit credit.

2

4.39    In so doing, McCathren increased the balance from "**$1,468.16**", back up to

3

"**$1,968.16**."

4

4.40    The justification provided for reversing the $500.00 pet security deposit credit is:

5

"**petfee – Revision – There is no refundable pet deposit.  Per lease $500 non refundable pet**

6

**fee**."

7

8

4.41    McCathren's policy is to charge a $500.00 pet deposit, but then refuse to apply

9

the $500.00 deposit toward remediating pet damage.

10

4.42    This policy is unfair and deceptive.

11

4.43    On September 11, 2021, a ranking military officer, Lt. Colonel Jackson assisted

12

Plaintiff with drafting and disseminating another dispute letter to McCathren.

13

14

4.44    On September 27, 2021, McCathren mailed Plaintiff a collection letter seeking

15

payment for an alleged balance owed of "**$1,468.16**."

16

4.45    On September 27, 2021, McCathren alleged in writing that the account balance

17

was "**$1,468.16**."

18

4.46    When Plaintiff refused to pay the fraudulent account balance, McCathren

19

assigned the account to Defendant, Columbia Debt Recovery d/b/a Genesis ("Genesis").

20

4.47    On November 11, 2022, (Veterans Day) Genesis received the collection account

21

from McCathren.

22

23

24

25

26

COMPLAINT                                          11                Robert Mitchell, Attorney at Law
                                                                    1020 N. Washington
                                                                    Spokane, WA  99201
                                                                    (509) 327-2224     Fax (888) 840-6003

4.48    Despite the original creditor's collection letter dated <u>September 27</u>, 2021, stating that the account balance was only **"$1,468.16"**, Genesis began credit reporting an alleged balance of "**$1,968**."

4.49    It was unfair and deceptive for Genesis to credit report an account balance substantially greater than the actual account balance.

4.50    Genesis used two separate names ("Columbia Debt Recovery" and "Genesis") to credit report the single account.

4.51    It was unfair and deceptive for Genesis to use two separate names ("Columbia Debt Recovery" and "Genesis").

4.52    When Genesis received the account from McCathren, the file contained instructions to <u>not</u> contact Plaintiff because she claims she does not owe the account and she refuses to pay the account.

4.53    On <u>December 14, 2022</u>, despite clear instructions to <u>not</u> communicate with Plaintiff, and despite knowing that Plaintiff refused to pay the account, Genesis telephoned Plaintiff.

4.54    The only purpose that could have been served by telephoning Plaintiff would be to harass, oppress, annoy, frustrate, or intimidate Plaintiff into paying the erroneous and disputed account.

4.55    During the <u>December 14, 2022</u>, telephone conversation with Genesis, Plaintiff explained that she does not owe the amount alleged.

4.56    Genesis never mailed Plaintiff any correspondence.

COMPLAINT                                    12                Robert Mitchell, Attorney at Law
                                                             1020 N. Washington
                                                             Spokane, WA  99201
                                                             (509) 327-2224    Fax (888) 840-6003

4.57    Genesis credit reported the account to all three major Credit Reporting Agencies ("CRAs"): Equifax, Trans Union, and Experian.

4.58    On <u>January 11, 2023</u>, Plaintiff disputed the erroneous account in writing to all three major Credit Reporting Agencies.

4.59    Plaintiff's dispute letter stated in pertinent part:

> **I <u>dispute</u> and respectfully request a <u>reinvestigation</u> of the above-referenced tradelines, for the following reasons:**
> 1)  **Northern Heights, the original creditor, is an apartment management company.**
> 2)  **I am a servicemember.**
> 3)  **I provided notice and a copy of my orders when I vacated the property.**
> 4)  **I do not owe the balance alleged.**
> 5)  **The same account is being reported as three separate tradelines by two separate furnishers.**
> 6)  **Genesis Credit Management, LLC, is no longer a licensed collection agency in the State of Washington, and therefore has no right to credit report any accounts.**
> 7)  **Columbia Debt Recovery, LLC, which is furnishing the accounts in the names of Columbia Debt Recovery, LLC, AND Genesis Credit Management, LLC, is prohibited by statute from using multiple names, and the name of an unlicensed company, to furnish credit information to the Credit Reporting Agencies.**
>
> **The Servicemember Civil Relief Act prohibits the above-referenced companies from credit reporting these tradelines, as I DO NOT OWE this account.**[2]

4.60    On <u>January 11, 2023</u>, Plaintiff emailed Renew Flooring, Cooper's Carpet, and McCathren, requesting that all parties preserve and avoid spoliation of documents related to this case.

---

[2] Emphasis added.

COMPLAINT                                      13

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

4.61    On <u>January 20, 2023</u>, McCathren mailed Plaintiff a **$200.00** check, along with a letter stating: "**Revised 1/20/23 Receiving Full deposit back**."

4.62    Defendant, Experian received Plaintiff's <u>January 11, 2023</u>, written dispute.

4.63    Experian provided Genesis with a copy of Plaintiff's dispute.

4.64    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Experian that it was ACCURATE to credit report that Plaintiff owes an original account balance of "**$1,968**."

4.65    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Experian that it was ACCURATE to credit report that Plaintiff owes additional interest on the account.

4.66    The additional interest that Genesis added to the account was calculated using an original account balance of "**$1,968**."

4.67    Despite McCathren's (the original creditor for whom Genesis was attempting to collect the debt) stating: "**Revised 1/20/23 Receiving Full deposit back**" Genesis VERIFIED the accuracy of credit reporting a balance owed of more than $2,000.00.

4.68    Defendant, Trans Union received Plaintiff's <u>January 11, 2023</u>, written dispute.

4.69    Trans Union provided Genesis with a copy of Plaintiff's dispute.

4.70    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Trans Union that it was ACCURATE to credit report that Plaintiff owes an original account balance of "$**1,968**."

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

4.71    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Trans Union that it was ACCURATE to credit report that Plaintiff owes additional interest on the account.

4.72    The additional interest that Genesis added to the account was calculated using an original account balance of "**$1,968**."

4.73    Despite McCathren's (the original creditor for whom Genesis was attempting to collect the debt) stating: "**Revised 1/20/23 Receiving Full deposit back**" Genesis VERIFIED the accuracy of credit reporting a balance owed of more than $2,000.00.

4.74    Defendant, Equifax received Plaintiff's <u>January 11, 2023</u>, written dispute.

4.75    Equifax provided Genesis with a copy of Plaintiff's dispute.

4.76    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Equifax that it was ACCURATE to credit report that Plaintiff owes an original account balance of "**$1,968**."

4.77    Despite McCathren alleging that the balance on the account was "**$1,468**", Genesis VERIFIED to Equifax that it was ACCURATE to credit report that Plaintiff owes additional interest on the account.

4.78    The additional interest that Genesis added to the account was calculated using an original account balance of "**$1,968**."

4.79    Despite McCathren's (the original creditor for whom Genesis was attempting to collect the debt) stating: "**Revised 1/20/23 Receiving Full deposit back**" Genesis VERIFIED the accuracy of credit reporting a balance owed of more than $2,000.00.

COMPLAINT                                     15                Robert Mitchell, Attorney at Law
                                                               1020 N. Washington
                                                               Spokane, WA  99201
                                                               (509) 327-2224     Fax (888) 840-6003

4.80    Defendant, Genesis failed to conduct a reasonable reinvestigation of Plaintiff's written disputes to the Credit Reporting Agencies.

4.81    Experian failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute.

4.82    Trans Union failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute.

4.83    Equifax failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute.

4.84    Defendants, Equifax, Experian, and Trans Union all failed to delete inaccurate information from Plaintiff's credit reports, in response to Plaintiff's written disputes to Defendants.

4.85    Equifax, Experian, and Trans Union all communicated Plaintiff's written disputes to Defendant, Genesis.

4.86    Genesis failed to conduct a reasonable reinvestigation in response to Plaintiff's written dispute.

4.87    Defendants, Equifax, Experian, Trans Union, and Genesis, all verified the accuracy of the erroneous reporting.

4.88    Equifax, Experian, Trans Union, and Genesis, all failed to conduct a reasonable reinvestigation into Plaintiff's dispute.

4.89    Equifax, Experian, Trans Union, and Genesis, all continued credit reporting the erroneous account information.

COMPLAINT                                        16                    Robert Mitchell, Attorney at Law
                                                                       1020 N. Washington
                                                                       Spokane, WA  99201
                                                                       (509) 327-2224    Fax (888) 840-6003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4.90    Plaintiff suffered injury and damages as a direct and proximate result of Defendants' (Equifax, Experian, Trans Union, and Genesis) failures to conduct a reasonable reinvestigation in response to Plaintiff's disputes.

4.91    Plaintiff suffered injury and damages as a direct and proximate result of Defendants' (Equifax, Experian, Trans Union, and Genesis) failures to credit report accurate information concerning Plaintiff.

4.92    Plaintiff suffered injury and damages as a direct and proximate result of Defendant, Genesis's many statutory violations.

4.93    Defendants' many statutory violations are the direct and proximate cause of Plaintiff's injuries and damages.

4.94    Defendants' actions and inactions were unfair, deceptive, intentional, and outrageous.

4.95    Defendants' unfair, deceptive, intentional, and outrageous actions and inactions caused Plaintiff actual injury and damages.

4.96    Defendants' unfair, deceptive, intentional, and outrageous actions and inactions were a direct and proximate cause of Plaintiff's injuries and damages.

## V.    FIRST CAUSE OF ACTION

### (Federal Fair Credit Reporting Act Violation)

### (**Equifax, Trans Union, Experian**)

### (15 U.S.C. § 1681e(b) & 15 U.S.C. § 1681i)

5.1    Plaintiff re-alleges paragraphs I. through IV., inclusive as though fully set forth herein.

COMPLAINT                                        17                    Robert Mitchell, Attorney at Law
                                                                      1020 N. Washington
                                                                      Spokane, WA  99201
                                                                      (509) 327-2224    Fax (888) 840-6003

5.2     Defendants, Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants published, maintained, and disseminated concerning Plaintiff.

5.3     Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i, by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

5.4     Defendants, Equifax, Trans Union, and Experian are Consumer Reporting Agencies that assemble, evaluate, and disseminate consumer credit information.

5.5     When Congress enacted the Fair Credit Reporting Act (hereinafter "FCRA"), Congress found: "…**Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers**." 15 U.S.C. § 1681(a)(3) (Emphasis added).

5.6     As such, Congress concluded that Consumer Reporting Agencies have "**grave responsibilities**"[3] to:

> … adopt **reasonable procedures** for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.[4]

---

[3] 15 U.S.C. § 1681(a)(4) (Emphasis added)
[4] 15 U.S.C. § 1681(b) (Emphasis added).

COMPLAINT                                        18

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

5.7     Because they involve a **grave responsibility**, the Consumer Reporting Agencies' reasonable procedures must be designed to "**assure maximum possible accuracy**" in the preparation of the credit reports and credit files.  15 U.S.C. § 1681e(b) (Emphasis added).

5.8     The "maximum possible accuracy" standard is so great that even a technically accurate report does not meet the standard if it is potentially misleading.  *Gorman v. Walpoff & Abramson, L.L.P.*, 584 F.3d 1147, 1163 (9th Cir. 2009).

5.9     When a consumer files a dispute with a Consumer Reporting Agency, the Consumer Reporting Agency is required to promptly conduct a reasonable reinvestigation of the account.  *See* 15 U.S.C. § 1681i(a)(1), stating in pertinent part:

> …if the completeness or accuracy of any item or information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the reporting agency directly … the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate…

5.10     A Consumer Reporting Agency does not meet its reinvestigation responsibilities by simply re-parroting the information originally received from the furnisher.  *Crane v. Trans Union, L.L.C.*, 282 F. Supp. 2d 311 (E.D. Pa. 2003).

5.11     In this case, Equifax, Trans Union, and Experian reported inaccurate and erroneous information on Plaintiff's consumer credit reports.

5.12     Plaintiff disputed the erroneous account to Equifax, Trans Union, and Experian.

5.13     In response to Plaintiff's detailed disputes, Equifax, Trans Union, and Experian did nothing more than provide the furnisher (Genesis) with Plaintiff's dispute.

COMPLAINT                                    19

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

5.14 Equifax, Trans Union, and Experian requested and conducted "automated" disputes.

5.15 Equifax, Trans Union, and Experian did not engage in any account review or other investigative processes or procedures in response to Plaintiff's dispute.

5.16 Equifax, Trans Union, and Experian did not even attempt to independently verify any of the information addressed in Plaintiff's written disputes.

5.17 If Equifax, Trans Union, and Experian had engaged in any amount of investigation or account review, Equifax, Trans Union, and Experian would have recognized that their own files prove:

A. At the time that Genesis VERIFIED the account as ACCURATE, the original creditor had discharged the account and mailed Plaintiff a $200.00 refund check, because Plaintiff never owed the account.

B. Genesis VERIFIED as ACCURATE an account balance of "$1,968" when the original creditor's own documents illustrate that the original creditor only claimed a balance of $1,468."

C. McCathren, the original creditor, discharged the account on <u>January 20, 2023</u>.

D. Plaintiff is in the United States Military; and

E. Plaintiff relocated from Washington to Kansas, while still serving in the United States Military; and

COMPLAINT                                                20                    Robert Mitchell, Attorney at Law
                                                                              1020 N. Washington
                                                                              Spokane, WA  99201
                                                                              (509) 327-2224     Fax (888) 840-6003

F. The address associated with the alleged rental bill is located in Washington, near Fairchild Air Force Base; and

G. Plaintiff's new address is located near a large military installation in Kansas.

H. Plaintiff's address changed at or near the time of the alleged rental bill;

I. Plaintiff's address changed when she received Permanent Change of Station Orders.

5.18    Had Equifax, Trans Union, and Experian reviewed any information regarding Plaintiff's dispute, Equifax, Trans Union, and Experian would have quickly realized that it is factually impossible that Plaintiff owed the alleged debt.

5.19    Instead, Equifax, Trans Union, and Experian took no action other than to provide Genesis with Plaintiff's dispute.

5.20    Equifax, Trans Union, and Experian will argue that their *only* duty was to inform Genesis of Plaintiff's dispute.

5.21    However, the reality is that Equifax, Trans Union, and Experian had an independent duty to: A) Adopt **reasonable procedures** designed to assure maximum possible accuracy of the consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information; B) Conduct a reasonable reinvestigation in response to Plaintiff's disputes; and C) Delete inaccurate and erroneous information from Consumer Reports. 15 U.S.C. § 1681e(b); 15 U.S.C. § 1681i; *Diprinzio v. MBNA America Bank, N.A.*,

COMPLAINT                                   21

2005 WL 2039175 (E.D. Pa. Aug. 24, 2005); *Gorman v. Wolpoff & Abramson, L.L.P.*, 584 F.3d 1147, 1156 (9th Cir. 2009).

5.22    These Defendants do not fulfill their respective duties simply by re-parroting information that is already contained within the consumer credit file.  *Gorman v. Wolpoff & Abramson, L.L.P.*, 584 F.3d 1147, 1156 (9th Cir. 2009); *Diprinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

5.23    Equifax, Trans Union, and Experian failed to conduct a reasonable reinvestigation, and failed to use reasonable procedures designed to assure maximum possible accuracy of the information Defendants credit reported about Plaintiff, and failed to delete inaccurate information from Plaintiff's credit file.

5.24    Equifax, Trans Union, and Experian will argue that they conducted reasonable reinvestigations.

5.25    *Reasonableness* of a reinvestigation is a question of fact for the trier of fact to decide. *Gorman v. Wolpoff & Abramson, L.L.P.*, 584 F.3d 1147, 1157 (9th Cir. 2009) (citing *In re Software Toolworks Inc.,* 50 F.3d 615, 621 (9th Cir.1994) (quoting *TSC Indus. v. Northway, Inc.,* 426 U.S. 438, 450 n. 12, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976) (stating: "We have held that "summary judgment is generally an inappropriate way to decide questions of reasonableness because `the jury's unique competence in applying the `reasonable man' standard is thought ordinarily to preclude summary judgment.').

5.26    As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages and injuries, and continue to suffer actual damages and injuries, including economic

COMPLAINT                                    22                    Robert Mitchell, Attorney at Law
                                                                    1020 N. Washington
                                                                    Spokane, WA  99201
                                                                    (509) 327-2224    Fax (888) 840-6003

loss, damage to reputation and character, emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by a jury.

5.27    Defendants' conduct, action, and inaction, was willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

5.28    In the alternative, Defendants were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

5.29    Plaintiff is entitled to recover costs and attorneys' fees from Defendants, pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## VI.    SECOND CAUSE OF ACTION

(Fair Credit Reporting Act)

(**COLUMBIA D/B/A GENESIS**)

15 U.S.C. § 1681s-2(b)

6.1    Plaintiff re-alleges sections I. through V., inclusive as though fully set forth herein.

6.2    Defendant, Columbia d/b/a Genesis is a "furnisher" as defined by 15 U.S.C. § 1681s-2(b).

6.3    Defendant provided erroneous credit information about Plaintiff to the three major Credit Reporting Agencies, Defendants, Equifax, Experian, and Trans Union.

6.4    The reasonable procedures required by the Fair Credit Reporting Act ("FCRA") include a dispute mechanism that enables consumers to dispute inaccurate information appearing on their consumer credit reports. 15 U.S.C. § 1681i.

COMPLAINT                                23                    Robert Mitchell, Attorney at Law
                                                              1020 N. Washington
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (888) 840-6003

6.5     Plaintiff disputed the erroneous information to Equifax, Experian, and Trans Union.

6.6     Equifax, Experian, and Trans Union were required to provide Genesis with copies of Plaintiff's disputes. *Id*.

6.7     Genesis was required to conduct a reasonable investigation of the inaccurate and erroneous credit information in response to Plaintiff's disputes. 15 U.S.C. § 1681s-2(b).

6.8     Genesis does not fulfill its duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer's file. *Diprinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

6.9     Instead, Genesis is required to fully and properly investigate consumer disputes; review all relevant information regarding the same; accurately respond to CRAs with accurate information; correctly report results of an accurate investigation to another credit reporting agency; and permanently and lawfully correct internal records to prevent the re-reporting of the false representations to the consumer credit reporting agencies, among other duties. 15 U.S.C. § 1681s-2(b).

6.10    Genesis failed to conduct a reasonable reinvestigation of the erroneous credit information in response to Plaintiff's disputes because Genesis limited its investigation to simply parroting the information which was already contained within the consumer credit or account file.

COMPLAINT             24             Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

6.11    Genesis violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false representations to the consumer credit reporting agencies, among other unlawful conduct.

6.12    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation and character, emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by a jury.

6.13    Defendant's conduct, action, and inaction, was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

6.14    In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

6.15    Plaintiff is entitled to recover costs and attorneys' fees from Defendant, pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## VII.    THIRD CAUSE OF ACTION

(Fair Debt Collection Practices Act)

(COLUMBIA D/B/A GENESIS)

15 U.S.C. § 1692

7.1    Plaintiff re-alleges sections I. through VI., inclusive as though fully set forth herein.

COMPLAINT                                      25          Robert Mitchell, Attorney at Law
                                                          1020 N. Washington
                                                          Spokane, WA  99201
                                                          (509) 327-2224    Fax (888) 840-6003

7.2    Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

7.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

7.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

7.5    Defendant is a "debt collector" as defined by the FDCPA, and Defendant attempted to collect a consumer debt from Plaintiff.

7.6    The FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant is a "debt collector" which attempted to collect a debt owed to a third party.

7.7    The Fair Debt Collection Practices Act (hereinafter "FDCPA") states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692.

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

7.8    The act further states that the following conduct is a violation of section 1692:

A.    "…engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

B.    "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. § 1692e(2).

C.    "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  (15 U.S.C. §1692e(5) is violated by taking an illegal action, as well as by threatening it; *see*, *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.")).

D.    Communicate or threaten "to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

E.    "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

F.    Use "…unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

COMPLAINT                                              27                    Robert Mitchell, Attorney at Law
                                                                            1020 N. Washington
                                                                            Spokane, WA  99201
                                                                            (509) 327-2224     Fax (888) 840-6003

G.   Collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

7.9   In this case, Genesis alleged the Plaintiff owed money *after* the original creditor discharged the account and mailed Plaintiff a refund.

7.10   Genesis credit reported an original account balance of $1,968, plus added interest which was calculated using the erroneous $1,968.

7.11   However, months earlier, the original creditor declared that the account balance was only $1,468.

7.12   And, the original creditor then amended the balance to $0.00, and mailed Plaintiff a refund in the amount of $200.00.

7.13   Nevertheless, Genesis continued credit reporting a balance of $1,968, plus added interest which was calculated using the erroneous $1,968.

7.14   In addition to other reasons, Genesis and McCathren took these unfair and deceptive actions in retaliation for Plaintiff exercising her Servicemember Civil Relief Act rights, which provide in pertinent part that, at any time after a servicemember receives military orders for a permanent change of station, the servicemember may terminate a lease of premises occupied by the servicemember or the servicemember's dependents, for a residential or similar purposes. *See* 50 U.S.C. app. § 535(a)(1)(b)(1)(B).

COMPLAINT                                    28

7.15    In this case, Plaintiff is an active duty servicemember. Plaintiff received Permanent Change of Station orders. Plaintiff provided her PCS orders to her landlord, along with written notice that she would be terminating the lease and vacating the property early. Plaintiff then relocated to another military installation in another state, which is where Genesis originally contacted Plaintiff.

7.16    Despite knowing the above, Genesis:

    A. Credit reported the erroneous account to three Consumer Reporting Agencies;

    B. Credit reported the account on Plaintiff's Consumer Credit Reports; and

    C. Telephoned Plaintiff in attempt to collect the account.

7.17    When Genesis received the account file, the file specifically stated that Genesis should not contact Plaintiff, that Plaintiff **disputes** the account, and that Plaintiff refuses to pay the account.

7.18    Despite this knowledge, Genesis telephoned Plaintiff in attempt to harass, intimidate, annoy, oppress, and frustrate Plaintiff into paying an account she never owed.

7.19    Worse yet, despite this knowledge, Genesis never credit reported the account as "disputed by consumer."

7.20    Genesis's credit reporting was likewise designed to harass, intimidate, annoy, oppress, and frustrate Plaintiff into paying an account she never owed,

7.21    Defendant's unfair and deceptive acts and practices violated the statute.

7.22    Plaintiff was injured and damaged by Defendant's unfair and deceptive acts and practices.

COMPLAINT                        29                 Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

7.23    Defendant's unfair and deceptive acts and practices were a direct and proximate cause of Plaintiff's injuries and damages.

7.24    Defendant's unfair and deceptive acts and practices were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.25    Defendant's unfair and deceptive acts and practices illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

### VIII.    FOURTH CAUSE OF ACTION

(Consumer Protection Act)

(**COLUMBIA D/B/A GENESIS**)

RCW 19.86

8.1    Plaintiff re-alleges sections I. through VII., inclusive as though fully set forth herein.

8.2    In 1917, a House Military Affairs Subcommittee Report stated: "**The Shylock, to who his pound of flesh is dearer than patriotism, is not the only man against who the soldier must be given relief.**"

8.3    In 1943, the U.S. Supreme Court stated the purpose of the Servicemember Civil Relief Act[5] is to "**Protect those who have been obligated to drop their own affairs to take up the burdens of the nation.**" *Boone v. Lightner*, 319 U.S. 561, 575 (1943)

---

[5] The Soldiers and Sailors Relief Act.

COMPLAINT                                          30

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

8.4     In <u>1948</u>, the U.S. Supreme Court stated: "**The Act should be with an eye friendly to those who dropped their affairs to answer their country's call**." *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948).

8.5     Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

8.6     The CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendants are "business[es]" and "person[s]" the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in her property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

8.7     To determine what constitutes an "unfair" or "deceptive" act or practice, Courts should be guided by other Federal Statutes addressing similar protections. RCW 19.86.920.

8.8     In this case, the Court need look no further than the Servicemember Civil Relief Act to determine what is required of Defendants (McCathren & Genesis), what actions Defendants should not have taken in this case, and what actions should be deemed unfair and deceptive.

8.9     At any time after a servicemember receives military orders for a permanent change of station, the servicemember may terminate a lease of premises occupied by the servicemember or the servicemember's dependents, for a residential or similar purposes. *See* 50 U.S.C. app. § 535(a)(1)(b)(1)(B).

COMPLAINT                                    31

8.10    It would be unfair and deceptive for a landlord or its collection agency to allege and credit report that a servicemember owes money that she never owed, years after she provided the landlord with copies of her PCS orders, along with written notice of intent to terminate the lease and vacate the property, followed by the servicemember relocating to another military base in another state.

8.11    That is exactly what happened in this case.

8.12    Defendant, McCathren is an experienced Real Estate Management Company that manages properties located in a town adjacent to a military base.

8.13    Defendant, McCathren regularly rents/leases properties to servicemembers and their defendants.

8.14    Defendant, McCaren is well aware of the protections of the Servicemember Civil Relief Act.

8.15    McCathren is also aware that violating the Servicemember Civil Relief Act jeopardizes our national security.

8.16    Alleging that a servicemember owes a debt that they do not owe, assigning an erroneous debt to collections, and parking the erroneous debt on the servicemember's credit report, places the servicemember's security clearance in jeopardy.

8.17    Without the required security clearance, servicemembers are not allowed to work in their Military Occupational Specialty ("MOS").

8.18    If a servicemember is unable to work in their designated MOS, that servicemember cannot be retained or promoted in the military.

COMPLAINT                                    32                Robert Mitchell, Attorney at Law
                                                              1020 N. Washington
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (888) 840-6003

8.19    As such, erroneous credit reporting places the careers of honorable servicemembers at risk, thereby jeopardizing our national security.

8.20    Defendants' (McCathren & Genesis) actions were unfair and deceptive as those terms are ambiguously defined and liberally construed by our Consumer Protection Act.  RCW 19.86.920.

8.21    Defendants' (McCathren & Genesis) unfair and deceptive acts and practices caused Plaintiff actual injury and damage to her finances, credit rating, character, reputation, and intruded upon Plaintiff's privacy and other constitutionally protected interests.

8.22    Defendants' (McCathren & Genesis) unfair and deceptive acts and practices are the direct and proximate cause of Plaintiff's actual injuries and damages.

8.23    Defendants' (McCathren & Genesis) unfair and deceptive acts and practices occurred in the course of trade or commerce.

8.24    Defendants' (McCathren & Genesis) unfair and deceptive acts and practices have the capacity for repetition.

8.25    Defendants' (McCathren & Genesis) unfair and deceptive acts and practices affect a matter of public interest.

8.26    An injunction is necessary to prevent Defendants' (McCathren & Genesis) from ever again engaging in these unfair and deceptive acts and practices.

COMPLAINT                                    33                    Robert Mitchell, Attorney at Law
                                                                  1020 N. Washington
                                                                  Spokane, WA  99201
                                                                  (509) 327-2224     Fax (888) 840-6003

# IX.  FIFTH CAUSE OF ACTION

(*Per Se* Consumer Protection Act)

(**GENESIS**)

RCW 19.86

9.1    Plaintiff re-alleges sections I. through VIII., inclusive as though fully set forth herein.

9.2    The Washington Collection Agency Act ("WCAA") prohibits collection agencies from engaging in certain unfair and/or deceptive collection acts or practices.  RCW 19.16.250(1 – 29).

9.3    The WCAA states that violations of the WCAA are *per se* violations of the Consumer Protection Act (CPA).  RCW 19.16.440.

9.4    The "Prohibited Practices" section of the WCAA states in pertinent part that no licensee or employee of a licensee shall:

A.    "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor…"  RCW 19.16.250(13).

B.    "Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or **any other fees or charges** when in fact such fees or charges may not legally be added to the existing obligation of such debtor."  RCW 19.16.250(15).

C.    "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made."  RCW 19.16.250(16).

D.    "Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees

COMPLAINT                                           34

expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs…" RCW 19.16.250(21).

9.5     In this case, Defendant violated both the WCAA and the Washington Consumer Protection Act (*per se* violation), by:

A.     Credit Reporting an erroneous debt in attempt to force Plaintiff to pay a debt that is prohibited by state and federal law;

B.     Attempting to force Plaintiff to pay a debt that is prohibited by law, and disputed by Defendant's own creditor client;

C.     By telephoning Plaintiff in attempt to collect the erroneous and legally prohibited account, despite knowing that Plaintiff disputed the account, refused to pay the account, and despite knowing that Defendant was not allowed to telephone Plaintiff; and

D.     By refusing to follow the SCRA;

E.     By adding interest to an already fraudulently increased balance; and

F.     By continuing to credit report the erroneous account balance even after the original creditor discharged the account and provided a refund.

G.     By failing to credit report the account as "disputed by consumer," even after receiving Plaintiff's written dispute.

9.6     Defendant's actions were intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable.

9.7     Plaintiff was injured by Defendant's actions.

9.8     Defendant's actions were a direct and proximate cause of Plaintiff's injuries and damages.

9.9     Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington Servicemembers and consumers from similar harm.

COMPLAINT                                    35

# X.    SIXTH CAUSE OF ACTION

## (Outrage)

### (MCCATHREN MANAGEMENT and GENESIS)

10.1    Plaintiff re-alleges sections I. through IX., inclusive as though fully set forth herein.

10.2    The elements of the tort of outrage are "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of plaintiff." *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987).

10.3    Washington adopted the tort of outrage and the theory of Restatement (Second) of Torts. *Jackson v. Peoples Fed. Credit Union*, 25 Wash.App. 81, 84, 604 P.2d 1025, 1027 (1979).

10.4    In Washington, creditors and debt collectors can be held liable for outrage damages if they employ improper, excessive, or oppressive means, while attempting to collect a debt. *See Jackson* at 85 and 1025; *Lucero v. Cenlar FSB*, W.D. Wash. Cause No. C13-0602-RSL, Doc. # 255, denying Defendant's Motion for Summary Judgment on Plaintiff's Claim of Outrage); and *Vawter v. Quality Loan Serv. Corp. of Washington*, 707 F.Supp.2d 1115, 1128 (W.D. Wash. 2010).

10.5    In this case, McCathren's outrageous business model of fleecing honorable servicemembers by sending invalid and erroneous accounts to collections, creating fraudulent documents, and authorizing credit reporting of the invalid and erroneous accounts, at the risk of jeopardizing our national security, is wholly unacceptable in a civilized society, and it results in significant damage and injury to our nation's honorable servicemembers.

COMPLAINT                                          36

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

10.6    Defendant Genesis's outrageous business model of fleecing honorable servicemembers by sending invalid and erroneous accounts to the credit reporting agencies, and adding interest to fraudulent account balances, and continuing to credit report fraudulent account balances after McCathren discharges the account and issues a refund, at the risk of jeopardizing our national security, is wholly unacceptable in a civilized society, and it results in significant damage and injury to our nation's honorable servicemembers.

10.7    McCathren's and Genesis's actions were intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable.

10.8    McCathren's and Genesis's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions shock the conscience.

10.9    Plaintiff was injured and damaged emotionally by McCathren's and Genesis's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions.

10.10   McCathren's and Genesis's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions were a direct and proximate cause of Plaintiff's injuries and damages.

10.11   McCathren's and Genesis's intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable actions illustrate why an injunction is necessary to protect Plaintiff and other Washington servicemembers from similar harm.

COMPLAINT                                37                    Robert Mitchell, Attorney at Law
                                                              1020 N. Washington
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (888) 840-6003

# XI.    SEVENTH CAUSE OF ACTION

## (SERVICEMEMBERS CIVIL RELIEF ACT VIOLATION)

### (As to Defendant, McCathren)

11.1    Plaintiff re-alleges paragraphs I. through X, inclusive as though fully set forth herein.

11.2    The Servicemember Civil Relief Act provides in pertinent part that, at any time after a servicemember receives military orders for a permanent change of station, the servicemember may terminate a lease of premises occupied by the servicemember or the servicemember's dependents, for a residential or similar purposes.  *See* 50 U.S.C. app. § 535(a)(1)(b)(1)(B).

11.3    The SCRA also provides for a private right of action to obtain declaratory relief, injunctive relief, and any other relief the Court deems appropriate, which includes monetary damages.[6]

11.4    The Court may also award costs and attorney's fees to a prevailing servicemember. *Id.*

11.5    In 1917, a House Military Affairs Subcommittee Report stated: "**The Shylock, to who his pound of flesh is dearer than patriotism, is not the only man against who the soldier must be given relief**."

---

[6] *See* 50 U.S.C. App. §597(a).

COMPLAINT                                    38

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

11.6     In <u>1943</u>, the U.S. Supreme Court stated the purpose of the Servicemember Civil Relief Act[7] is to "**Protect those who have been obligated to drop their own affairs to take up the burdens of the nation**." *Boone v. Lightner*, 319 U.S. 561, 575 (1943)

11.7     In <u>1948</u>, the U.S. Supreme Court stated: "**The Act should be with an eye friendly to those who dropped their affairs to answer their country's call**." *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948).

11.8     The above language makes it abundantly clear that in the event of a blatant violation of the SCRA, this Court should award injunctive relief, damages, emotional distress damages, punitive damages, costs and attorney's fees.

11.9     This case involves a blatant SCRA violation.

11.10    Defendant, McCathren is an experienced Real Estate Management Company that manages properties located in a town adjacent to a military base.

11.11    Defendant, McCathren regularly rents/leases properties to servicemembers and their defendants.

11.12    Defendant, McCathren is well aware of the protections of the Servicemember Civil Relief Act.

11.13    McCathren is also aware that violating the Servicemember Civil Relief Act jeopardizes our national security.

---

[7] The Soldiers and Sailors Relief Act.

COMPLAINT                                      39

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

11.14   Alleging that a servicemember owes a debt that they do not owe, assigning an erroneous debt to collections, and parking the erroneous debt on the servicemember's credit report, places the servicemember's security clearance in jeopardy.

11.15   Without the required security clearance, servicemembers are not allowed to work in their Military Occupational Specialty ("MOS").

11.16   If a servicemember is unable to work in their designated MOS, that servicemember cannot be retained or promoted in the military.

11.17   As such, erroneous credit reporting places the careers of honorable servicemembers at risk, thereby jeopardizing our national security.

11.18   In this case, in attempt to fleece an honorable servicemember out of money that McCathren knows she does not owe, McCathren knowingly placed the honorable servicemember's military career and our national security in jeopardy, by sending a fraudulent and erroneous rent/lease bill to collections and authorizing the debt collector to credit report the fraudulent account on Plaintiff's consumer credit reports, long after the servicemember provided PCS orders and notice of termination, and vacated the apartment.

11.19   Plaintiff exercised her SCRA rights by providing McCathren with written notice of her intent to vacate the premises, along with a copy of her Permanent Change of Station Orders.

11.20   Because McCathren could not charge rent/lease charges, McCathren attempted to subvert the SCRA by charging "fees" that, ironically, equal the approximate amount Plaintiff

COMPLAINT                                    40                Robert Mitchell, Attorney at Law
                                                              1020 N. Washington
                                                              Spokane, WA  99201
                                                              (509) 327-2224      Fax (888) 840-6003

would have owed in rent payments, of the SCRA did not apply to this matter ("$1,468" in "fees" versus monthly rent payments of "$1,400.00").

11.21  Defendant's actions were intentional, willful, wanton, unfair, deceptive, unconscionable, extreme, outrageous, and unreasonable.

11.22  Plaintiff was injured by Defendant's actions.

11.23  Defendant's actions were a direct and proximate cause of Plaintiff's injuries and damages.

11.24  Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington Servicemembers and consumers from similar harm.

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.    For an injunction prohibiting Defendant, McCathren, from ever assigning, selling, or transferring any servicemembers' account to a third-party debt collector, pursuant to 50 U.S.C. App. § 597, and RCW 19.86.090;

B.    For an injunction prohibiting Defendant, McCathren, from ever again authorizing any collection agency or debt collector to credit report a rent or lease related account on a consumer credit report belonging to an active duty servicemember, pursuant to 50 U.S.C. App. § 597, and RCW 19.86.090;

COMPLAINT                                   41

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

C.      For an injunction prohibiting Defendant, Genesis, from ever again attempting to collect any lease or rental related account from a servicemember, pursuant to 50 U.S.C. App. § 597, and RCW 19.86.090;

D.      For Actual and Compensatory damages against all Defendants, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1681 *et seq*., 15 U.S.C. § 1692 *et seq*., 50 U.S.C. App. §597(a), RCW 19.86 *et seq*., and other federal and state statutes and common law;

E.      For Statutory damages against each Credit Reporting Agency Defendant (Experian, Trans Union, and Equifax), in the amount of $1,000.00 per Defendant, pursuant to 15 U.S.C. § 1681 *et seq*.;

F.      For Actual, Incidental, and Consequential damages against each Credit Reporting Agency Defendant (Experian, Trans Union, and Equifax), in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1681 *et seq*.;

G.      For Punitive damages against each Credit Reporting Agency Defendant (Experian, Trans Union, and Equifax), in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1681 *et seq*.;

H.      For Statutory damages against Defendant, Genesis, in the amount of $1,000.00, pursuant to 15 U.S.C. § 1681 *et seq*.;

I.      For Actual, Incidental, and Consequential damages against Defendant, Genesis, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1681 *et seq*.;

J.      For Punitive damages against Defendant, Genesis, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1681 *et seq*.;

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

K.    For Statutory damages against Defendant, Genesis, in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692 *et seq*.;

L.    For Actual, Incidental, and Consequential damages against Defendant, Genesis, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1692 *et seq*.;

M.    For Garden Variety Emotional Distress damages against Defendants, Genesis, Experian, Trans Union, and Equifax, in the amount of $1,000,000.00 per Defendant, pursuant to 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq.*;

N.    For Negligent Infliction of Emotional Distress Damages against Defendants, Genesis and McCathren, in the amount of $1,000.000.00, pursuant to *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987); *Jackson v. Peoples Fed. Credit Union*, 25 Wash.App. 81, 84, 604 P.2d 1025, 1027 (1979); and *Vawter v. Quality Loan Serv. Corp. of Washington*, 707 F.Supp.2d 1115, 1128 (W.D. Wash. 2010);

O.    For Actual, Incidental, and Consequential damages against Defendants, Genesis and McCathren, in an amount to be proven at the time of trial, pursuant to RCW 19.86 *et seq*.;

P.    For Treble any Actual damages against Defendants, Genesis and McCathren, up to $25,000.00, pursuant to RCW 19.86 *et seq*.;

Q.    For costs and reasonable attorneys' fees against all Defendants, in an amount to be proven following trial, pursuant to 15 U.S.C. § 1681 *et seq.,* 15 U.S.C. § 1692 *et seq.,* RCW 19.86 *et seq.*, and 50 U.S.C. App. §597(a);

R.    For interest on the above amounts as authorized by law;

S.    For other relief as the Court deems just and equitable; and

COMPLAINT                              43

T.     For leave to amend this complaint as needed and as required, including leave to seek Fed. R. Civ. P. 23 status, if information becomes available through discovery supporting numerocity, commonality, and the need for class action status.

### XIII.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

DATED this 3rd day of April, 2023.

Respectfully submitted,


s//*Robert W. Mitchell*
ROBERT MITCHELL, WSBA #37444
*Attorney for Plaintiff*

COMPLAINT                                          44                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003